Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DILWARA K.,<br><br>      **Plaintiff,**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      **Defendant.** | Civil Action No.: 20-1557 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

  Plaintiff Dilwara K. appeals the decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381, *et seq.* (*See* D.E. No. 1). The Court **AFFIRMS**.

**I.  BACKGROUND**

  In July 2013, Plaintiff filed applications for SSI and DIB. (D.E. No. 5, Administrative Record ("R.") at 363–72). She claimed disability since December 14, 2012, due to stage III breast cancer. (*Id.* at 403). Her applications were denied initially and on reconsideration. (*Id.* at 128 & 154). On August 7, 2015, an Administrative Law Judge ("ALJ") held a hearing, at which Plaintiff and a vocational expert testified. (*Id.* at 31–70). On September 10, 2015, the ALJ denied Plaintiff's applications. (*Id.* at 164–80). On July 14, 2017, the Appeals Council vacated and remanded the ALJ's decision because Plaintiff did not have the services of a language interpreter at the August 7 hearing. (*Id.* at 181–85). On July 10, 2018, the ALJ held another hearing, at which Plaintiff (this time, with the services of an interpreter) and a vocational expert testified. (*Id.* at 71–127).

On November 6, 2018, the ALJ again denied Plaintiff's applications. (*Id.* at 7–25). The ALJ held that Plaintiff has the residual functional capacity ("RFC") to perform work for which there exists a significant number of jobs in the national economy. (*Id.* at 18). More specifically, the ALJ determined that she has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant i[s] unable to do any overhead reaching with her non-dominant arm. The claimant can occasionally balance, stoop, crouch, and crawl and frequently climb ramps and stairs. The claimant can frequently handle, finger, and feel with the non-dominant arm. The claimant can frequently reach in front with her non-dominant arm. She is limited to simple, repetitive, and routine tasks.

(*Id.* at 13). Relying on vocational expert testimony, the ALJ found that an individual with the above RFC could perform work as (i) an addressing clerk (18,400 jobs in the national economy); (ii) an order clerk (21,000 jobs); and (iii) a document preparer (20,900 jobs). (*Id.* at 18). On December 11, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1–6).

Plaintiff then filed the instant appeal, which the court has subject-matter jurisdiction to decide under 42 U.S.C. §§ 405(g) & 1383(c)(3). The Commissioner opposes. (D.E. No. 14 ("Opp. Br.") at 10).

## II.   LEGAL STANDARD

The Court "exercise[s] plenary review over legal conclusions reached by the Commissioner." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). But the "findings of the Commissioner . . . as to any fact, *if supported by substantial evidence*, shall be conclusive." 42 U.S.C. § 405(g) (emphasis added). As a term of art used throughout administrative law, the term "substantial evidence" may vary depending on the context. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In this context, "the threshold for such evidentiary sufficiency is not high." *Id.* Importantly, the substantial evidence standard does not

give rise to categorical rules but rather depends on a "case-by-case" inquiry. *Id.* at 1157. "Substantial evidence" is at least more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *accord Biestek*, 139 S. Ct. at 1154. And although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). Substantial evidence may exist, and the Court must affirm, "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006). The Court cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

**III.   DISCUSSION**

Plaintiff assigns two errors to the ALJ's decision. The Court is not persuaded and affirms the Commissioner.

First, Plaintiff argues that the ALJ failed to consider a "closed period" of disability— namely, the period between Plaintiff's cancer diagnosis and her remission. (D.E. No. 14 ("Mov. Br.") at 14–18). This omission is significant, says Plaintiff, because much of what the ALJ considered was medical evidence that developed *after* Plaintiff's remission in late April and early May 2015. (*Id.* at 15). According to Plaintiff, "[t]he question presented is quite clearly **not** what [P]laintiff's RFC was on the day that the ALJ issued her second decision on November 6, 2018[,] but rather what her RFC was **before improvement, before remission, between discovery of the**

**cancer and the hypothesis of remission with continuing chemotherapy.**" (*Id.* (emphasis in original)). And "the decision makes no distinction between [P]laintiff's abilities during these discrete periods." (*Id.*).

However, the Court agrees with the Commissioner: This argument was not made to the ALJ, and it therefore is not a basis to disturb the ALJ's decision. (Opp. Br. at 11). Plaintiff did not request a closed period of disability at any point prior to the ALJ's 2018 decision. *C.T. v. Comm'r of Soc. Sec.*, No. 20-03674, 2021 WL 4398663, at *6 (D.N.J. Sept. 27, 2021). And "[a] claimant's failure to request consideration of a closed period of disability precludes the claimant from arguing on appeal to the district court that the ALJ erred by failing to consider the same." *Hein v. Saul*, No. 18-1459, 2019 WL 4509381, at *6 (M.D. Fla. Sept. 19, 2019); *C.T.*, 2021 WL 4398663, at *6 (same); *Ward v. Kijakazi*, No. 20-1315, 2021 WL 3037711, at *2 (W.D. Pa. July 19, 2021) (same); *Demaske v. Berryhill*, No. 18-0018, 2018 WL 6243221, at *2 (W.D. Pa. Nov. 29, 2018) (same); *Maslowski v. Colvin*, No. 15-1833, 2016 WL 1259967, at *17–18 (D.N.J. Mar. 31, 2016) (same).

In fact, when Plaintiff's counsel referenced the possibility of a closed period, he did not request the ALJ to consider one but rather pressed the ALJ to consider Plaintiff's disability based solely on the longitudinal medical records. (R. at 125–26). In response to the ALJ's question concerning the extent to which Plaintiff's condition improved in the three years since the initial hearing, counsel for Plaintiff said

> not to be argumentative, but one must remember when we're talking three years down the road, they would only have to be disabled for a year. So now we're talking the possibility if somebody is going to say, well, you had surgery, you had radiation, you had chemotherapy in the beginning, three years after surgery in '15 the first time, we go back, we go back at that point-in-time, then we're talking a closed period.

4

(*Id.* at 125). But then counsel went on, "if it's a closed period and if you see somewhere in these notes -- if you want to go through and say, well, Dr. So-and-So didn't mention it in this note, that's fine, but you -- once in a while -- you've got to take a longitudinal overview of the condition." (*Id.* at 126). The ALJ responded, "Well, I will." (*Id.*). Plaintiff's counsel did not respond concerning a closed period of disability.

The ALJ cannot be faulted for failing to consider an argument that was, best understood, disavowed by Plaintiff's counsel. And to the extent Plaintiff's counsel intended to request a closed period of disability, the request was much too vague to fault the ALJ.

Moreover, the context of the hearing confirms that Plaintiff did not request a closed period of disability. Plaintiff's counsel made no argument concerning discrete periods of time, and the hearing centered around Plaintiff's functioning based on the longitudinal medical records.

Finally, a closed period of disability would not entitle Plaintiff to relief. The ALJ found that Plaintiff "has not been under a disability . . . from December 14, 2012, through the date of this decision." (R. at 19). "A finding that the claimant has not been disabled during the entire period . . . necessarily precludes a finding that she was entitled to a closed period of disability." *Ward*, 2021 WL 3037711, at *2; *see also Phillips v. Barnhart*, 91 F. App'x 775, 782 (3d Cir. 2004) (explaining that "this argument ignores the ALJ's finding that [the claimant] had the residual functional capacity to perform a limited range of sedentary work from his alleged onset date of disability . . . and at all times thereafter"). In arguing in favor of a closed period of disability on appeal, Plaintiff has not pointed to any evidence that the ALJ failed to consider (save imaging, discussed *infra*) or any evidence that the ALJ inappropriately weighed. (*See* Mov. Br. at 17–18). The ALJ carefully considered and weighed the medical evidence concerning Plaintiff's functional capacity for years 2012, 2013, 2014, and 2015, and held that Plaintiff was not as limited as she

5

claimed. (R. at 14–17). In addition, as the Commissioner points out, during the hearing, the ALJ was attuned to how Plaintiff's conditions might differ from year to year, addressing evidence from the first year of Plaintiff's condition and onward. (Opp. Br. at 12).

Second, Plaintiff argues that the ALJ failed to find that Plaintiff's RFC was more limited in that she could only occasionally (as opposed to frequently) handle, finger, feel, and reach with her left arm—a limitation that would, if credited, entitle her to benefits as a matter of law. (Mov. Br. at 20–24). In support of that limitation, Plaintiff argues that the ALJ failed to consider imaging of her hands and wrists taken on December 4, 2013. (*Id.* at 21–22). According to Plaintiff, the imaging indicates that Plaintiff suffers from "probable Madelung's deformity," which is a "rare congenital condition in which the wrist grows abnormally." (*Id.* at 21 & n.7).

But the Court again agrees with the Commissioner: The imaging of Plaintiff's hands and wrists are relevant insofar as they relate to her functional limitations, and the ALJ's determination concerning Plaintiff's functional capacity is supported by substantial evidence. (Opp. Br. at 14). "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004). Imagining "is evidence of Plaintiff's condition, not her functional limitations." *McCoy v. Astrue*, No. 10-3139, 2012 WL 1015785, at *22 (D.S.C. Feb. 10, 2012), *report and recommendation adopted*, 2012 WL 1015773 (D.S.C. Mar. 23, 2012). The Third Circuit has upheld an ALJ's decision where, even though the ALJ failed to consider certain imaging, the ALJ considered functional reports of treating physicians, some of which referenced the imaging. *See Garcia v. Comm'r of Soc. Sec.*, 94 F. App'x 935, 937 (3d Cir. 2004); *see also Hur*, 94 F. App'x at 133 (finding no reversable error where the x-rays cited by the claimant, but not considered by the ALJ, did "not support that the spinal condition shown in the x-rays was responsible for the disabling pain that she complained of or

6

caused any functional limitations that affected her ability to work as a cashier"); *cf. Miller v. Saul*, No. 19-5218, 2020 WL 3498136, at *5 (E.D. Pa. June 29, 2020) ("[T]hese diagnostic imaging studies do not speak by themselves to Ms. Miller's functional limitations affecting her ability to work. Interpreting the impact of these diagnostic findings on Ms. Miller's limitations requires medical expertise.").

Here, just a few weeks after the December 4, 2013 imaging was taken, Plaintiff's treating physicians did not note any limitations in her ability to handle, finger, feel, and reach with her left arm. (R. at 668–70 & 692–94). The ALJ, moreover, highlighted treatment notes and medical reports that did not note such limitations. (R. at 14–17). While Plaintiff testified to those limitations, the "lack of [supporting] medical evidence is very strong evidence that [she] was not disabled." *Lane v. Comm'r of Soc. Sec.*, 100 F. App'x 90, 95 (3d Cir. 2004); *see also Hur*, 94 F. App'x at 133 ("[The medical provider] did not conduct further tests, he did not pursue any treatment for the condition, and he did not even prescribe any pain medication to Hur on the basis of these x-rays.").

At best, Plaintiff expresses disagreement with the ALJ's decision. But disagreement is not a basis to disturb an ALJ's decision, which here was supported by substantial evidence. *See Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 688 (3d Cir. 2020) ("His brief expresses disagreement with the ALJ's finding that he was not disabled, but it falls well short of demonstrating that any reasonable adjudicator would be compelled to reject that finding.").

## IV.   CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the decision of the Commissioner. An appropriate Order will follow.

Dated: June 30, 2022

Hon. Esther Salas, U.S.D.J.